IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | § |
| | §   No. 3:22-cr-26-X |
| JONATHAN OBRIAN JAMES, | § |
| | § |
| Defendant. | § |

### MEMORANDUM OPINION AND ORDER
### APPOINTING FEDERAL PUBLIC DEFENDER

Defendant Jonathan Obrian James is charged with violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in an indictment filed in this district.

On February 18, 2022, the Court held Mr. James's initial appearance and attempted to determine whether Mr. James wanted the Court to appoint counsel to represent him or whether he would hire a lawyer or would request to represent himself.

The Sixth Amendment to the United States Constitution "guarantees the right of a criminal defendant to represent himself at trial." *United States v. Biyiklioglu*, 652 F. App'x 274, 279 (5th Cir. 2016) (citing *Faretta v. Cal.*, 422 U.S. 806, 818 (1975)). To invoke the right, "[t]he defendant must knowingly and intelligently forego his right to counsel, and must clearly and unequivocally request to proceed pro se." *United States v. Long*, 597 F.3d 720, 724 (5th Cir. 2010) (cleaned up). "If the right to counsel is to be waived, the trial court must conduct a Faretta hearing, cautioning

the defendant about the dangers of self-representation and establishing, on the record, that the defendant makes a knowing and voluntary choice." *Id.*

But, as the Court advised Mr. James at the initial appearance, even if a defendant waives the right to counsel and elects to represent himself, a defendant can still choose at any time to assert his right to have counsel appointed to represent him. That is, "[e]ven after the defendant has unequivocally asserted the right to defend pro se, he may waive that right. This represents in part the waiver of a waiver insofar as the defendant waives his right to waive appointed counsel." *Chapman v. United States*, 553 F.2d 886, 893 n.12 (5th Cir. 1977); *see also Biyiklioglu*, 652 F. App'x at 279 (explaining that, "even if the defendant has knowingly and voluntarily chosen to represent himself after a Faretta hearing at which the trial court must caution him about the dangers of self-representation, the defendant may waive his right to self-representation through subsequent conduct indicating an abandonment of the request" (cleaned up)).

The United States Court of Appeals for the Fifth Circuit has also held "[a] defendant can waive his right to counsel implicitly, by his clear conduct, as well as by his express statement." *United States v. Mesquiti*, 854 F.3d 267, 272 (5th Cir. 2017). And the Fifth Circuit has held – at least after a defendant has proceeded with appointed counsel for some period of time – that, "[a]lthough a court cannot force a defendant to choose between constitutionally deficient or disqualified counsel and no counsel at all, [a] defendant's refusal without good cause to proceed with able appointed counsel constitutes a voluntary decision to proceed pro se." *United States*

*v. Romans*, 823 F.3d 299, 313 (5th Cir. 2016) (cleaned up); *see Mesquiti*, 854 F.3d at 272 ("We conclude, however, that Mesquiti's actions before and on the day of the hearing constituted waiver of his right to counsel. Mesquiti acted to terminate his representation by three different attorneys, retained and appointed. He renounced his last two attorneys in hearings before two different courts. At no point did Mesquiti articulate dissatisfaction with his particular counsel, and he never asked the court for substitute counsel. While it is true that Mesquiti did not expressly say that he wished to represent himself, he refus[ed] without good cause to proceed with able appointed counsel, and made persistent, unreasonable demand[s] for dismissal of counsel[.] Mesquiti's conduct therefore constituted a relinquishment of his right to counsel." (cleaned up)).

Based on the Court's colloquy with Mr. James at the initial appearance, the Court found that Mr. James waived his right to appointed counsel, but he repeatedly refused to answer the Court's questions as to whether he intends to retain counsel or wishes to proceed pro se. The Court attempted at length to engage in the required Faretta hearing to determine whether Mr. James is knowingly and intelligently choosing to represent himself, but Mr. James refused to answer any questions – either by repeating the same challenge to the Court's jurisdiction or remaining silent. After providing the required warnings and advice, *see United States v. Herrod*, 595 F. App'x 402, 406 & n.6 (5th Cir. 2015), the Court determined that, at that point, there was no choice but to treat Mr. James as electing to proceed pro se, and the Court therefore announced that it would treat Mr. James as representing himself and then signed

orders appointing the Federal Public Defender for the Northern District of Texas as standby counsel and continuing the detention hearing to February 23, 2022 on the government's motion, *see Wood v. Quarterman*, 491 F.3d 196, 201 (5th Cir. 2007) ("Moreover, a trial court can appoint stand-by counsel to assist the defendant (even over the defendant's objection), so long as stand-by counsel does not unduly impinge on the defendant's self-representation.").

This approach would apparently be endorsed by the United States Court of Appeals for the Eleventh Circuit, which has held in an *en banc* decision:

> In the past, we have treated the express, affirmative request for self-representation discussed in *Faretta* as the exclusive means by which a defendant may waive the right to counsel. Recognizing any waiver of counsel will result in self-representation and anxious to prevent unintentional waiver of the protections afforded by the right to counsel, we have suggested anything less than a "clear and unequivocal" written or oral invocation of the right to self-representation is insufficient to invoke the right to self-representation, regardless of context. ….
> Today we recognize it is possible for a valid waiver of counsel to occur not only when a cooperative defendant affirmatively invokes his right to self-representation, but also when an uncooperative defendant rejects the only counsel to which he is constitutionally entitled, understanding his only alternative is self-representation with its many attendant dangers. ….
> To that end, the best practice is for district courts to begin by attempting to engage the defendant in a full discussion of the dangers of self-representation whenever a defendant expresses a desire to waive his right to counsel, whether affirmatively or by his conduct. Nevertheless, an unwilling defendant can foil a district court's best efforts to engage in dialogue, thereby preventing the court from eliciting clear information regarding the defendant's understanding of the dangers of proceeding pro se. A dialogue cannot be forced; therefore, when confronted with a defendant who has voluntarily waived counsel by his conduct and who refuses to provide clear answers to questions regarding his Sixth Amendment rights, it is enough for the court to inform the defendant unambiguously of the penalties he faces if convicted and to provide him with a general sense of the challenges he is likely to confront as a pro se litigant. So long as the trial court is

> assured the defendant (1) understands the choices before him, (2) knows the potential dangers of proceeding pro se, and (3) has rejected the lawyer to whom he is constitutionally entitled, the court may, in the exercise of its discretion, discharge counsel or (preferably, as occurred here) provide for counsel to remain in a standby capacity.

*United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) (en banc) (cleaned up).

But, on further consideration and research, the Court believes that the governing law in the Fifth Circuit requires a different approach.

Under Fifth Circuit law, "[t]o assert his right of self-representation, a defendant must knowingly and intelligently waive his right to counsel, and the request must be clear and unequivocal"; "[w]here a fundamental constitutional right, such as the right to counsel, is concerned, courts indulge every reasonable presumption against waiver"; "[i]n the absence of a clear election to forego counsel, a court should not quickly infer that a defendant unskilled in the law has waived counsel and has opted to conduct his own defense"; and the Fifth Circuit "has strictly construed the clear and unequivocal requirement of *Faretta*." *Burton v. Collins*, 937 F.2d 131, 133 (5th Cir. 1991) (cleaned up).

Following this authority, the Fifth Circuit has held that, where, "[t]o invoke the right, the defendant must first unequivocally inform the court that he wishes to represent himself," and where, "throughout three hearings, [a defendant] refused to answer the district court's simple questions seeking to confirm his desire for self-representation," and "[t]he district court patiently asked the question numerous times and even offered to communicate with [the defendant] in Spanish," and, "[i]n each instance, [the defendant's] response was non-responsive," "we have no difficulty

holding that the district court properly denied the request for self-representation" because the defendant "did not clearly and unequivocally waive his right to counsel." *United States v. Espinoza*, 374 F. App'x 536, 536-39 (5th Cir. 2010).

Here, Mr. James has not clearly and unequivocally informed the Court that he wishes to represent himself.

A defendant in a criminal case must be represented by an appointed attorney, a retained attorney, or herself or himself. *Cf. United States v. Simpson*, 645 F.3d 300, 308 (5th Cir. 2011). At least here at the very beginning of the case, under Fifth Circuit law, despite Mr. James's statements that he does not want appointed counsel, the Court concludes that the proper course is to appoint the Federal Public Defender to represent Mr. James as his counsel of record. *Accord United States v. Pryor*, 842 F.3d 441, 449-51 (6th Cir. 2016).

The Court now modifies the appointment of the Federal Public Defender from standby counsel to Mr. James's counsel of record.

Of course, Mr. James may assert a right to self-representation at a later stage, even when it has not been properly invoked at an earlier stage, where, under Fifth Circuit law, "a demand for self-representation must be honored as timely if made before the jury is selected, absent an affirmative showing that it was a tactic to secure delay." *Chapman*, 553 F.2d at 887.

The Court will hold the continued detention hearing on the government's motion for detention on February 23, 2022, as scheduled, and will also take up a not-

-7-

guilty arraignment at that time and enter the oral and written orders that Federal Rule of Criminal Procedure 5(f)(1) requires.

SO ORDERED.

DATED: February 19, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE